UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MARK MCCOY,<br><br>                Plaintiff,<br>vs.<br><br>CITY OF LAS VEGAS,<br><br>                Defendant. | Case No.: 2:24-cv-00139-GMN-NJK<br><br>**ORDER GRANTING MOTION TO DISMISS** |

      Pending before the Court is the Motion to Dismiss, (ECF No. 13), filed by Defendant City of Las Vegas. Plaintiff Mark McCoy filed a Response, (ECF No. 16), and Defendant filed a Reply, (ECF No. 19). Also before the Court is the Motion for Summary Judgment, (ECF No. 23), filed by Defendant.

      For the reasons discussed below, the Court **GRANTS** Defendant's Motion to Dismiss, provides Plaintiff leave to amend, and **DENIES** Defendant's Motion for Summary Judgment as MOOT.

**I.      BACKGROUND**

      This case arises from Plaintiff's allegations that Defendant unlawfully discriminated against him and terminated his employment on the basis of race and national origin. (*See generally* First Amended Complaint ("FAC"), ECF No. 12). Plaintiff, an African American man, was employed by Defendant as a police lieutenant. (*Id.* ¶ 11). In June 2022, Plaintiff filed a complaint with Defendant's Human Resources representative. (*Id.* ¶ 12). He informed her that supervisors were not enforcing foot patrol on Fremont Street, and though he reported it, Assistant Chief Robert Straube was not going to open an investigation. (*Id.*). Plaintiff further informed the HR representative that Assistant Chief Straube told him he was not being

promoted because he was spreading rumors of an affair between the Chief and a Lieutenant. (*Id.* ¶ 13). Approximately a week later, Plaintiff had a meeting with the HR manager Rick Hunt where he reported that former Chief Molina had undermined his authority and disparaged his reputation, and such treatment was continuing under Assistant Chief Straube. (*Id.* ¶ 14).

In October, the HR manager informed Plaintiff that the investigation was over, and his complaints were not sustained. (*Id.* ¶ 17). Plaintiff emailed the HR manager the following day requesting a copy of the investigation and requesting that his complaint be reopened. (*Id.*). The HR manager denied both requests. (*Id.*)

Earlier in the year, Plaintiff was advised that Sargeant Marcus Diaz was planning on filing a complaint against him, and that a "Vote of No Confidence" petition against him was being circulated amongst officers. (*Id.* ¶ 15). Plaintiff's boss also informed him that a new car would be assigned to him. (*Id.* ¶ 16). Four days later, Plaintiff was told that the new car would no longer be assigned to him. (*Id.* ¶ 16).

In December 2022, Plaintiff had a meeting with the HR manager, an HR resources manager and Chief Potts. (*Id.* ¶ 18). In that meeting, he was informed that Chief Potts "no longer had confidence in him and had to let him go." (*Id.*). The HR resources manager told Plaintiff that he had 24 hours to decide if he wanted to resign in lieu of termination, and that he would receive all benefits afforded to him as a retiree if he resigned. (*Id.*). Plaintiff was also told that Defendant would consider giving him 90 days severance if he resigned and signed a standard form stating that he would not sue Defendant. (*Id.*). Plaintiff declined the offer of 90 days severance, and subsequently received a dismissal letter. (*Id.*).

Plaintiff filed a formal charge of discrimination with the Nevada Equal Rights Commission ("NERC"). After cooperating in the agency's investigation of the matter, Plaintiff received a Right to Sue letter. (*Id.* ¶ 10). Plaintiff subsequently brought this case, asserting that he encountered disparate treatment and retaliatory conduct due to his race and national origin

while employed by Defendant. (*Id.* ¶ 20). Defendant filed a Motion to Dismiss Plaintiff's Complaint, and Plaintiff then filed his First Amended Complaint asserting five causes of action: (1) discrimination under Title VII; (2) violation of NRS 613.330 (Nevada's employment discrimination law); (3) retaliation; (4) violation of NRS 289 (Nevada's Peace Officer Bill of Rights); and (5) wrongful termination. (*See generally id.*). Defendant filed the instant Motion seeking dismissal of all of Plaintiff's claims. (Mot. Dismiss ("MTD") 4:17–19, ECF No. 13).

## II.  LEGAL STANDARD

Dismissal is appropriate under Rule 12(b)(6) where a pleader fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A pleading must give fair notice of a legally cognizable claim and the grounds on which it rests, and although a court must take all factual allegations as true, legal conclusions couched as factual allegations are insufficient. *Twombly*, 550 U.S. at 555. Accordingly, Rule 12(b)(6) requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

If the court grants a motion to dismiss for failure to state a claim, leave to amend should be granted unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992). Pursuant to Rule 15(a), the court should "freely" give leave to amend "when justice so requires," and in the absence of a reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue

prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

### III.          DISCUSSION

Defendant moves to dismiss all of Plaintiff's claims, arguing that Plaintiff does not state a plausible claim and seeks unavailable relief. (*See generally* MTD, ECF No. 13). Plaintiff does not respond to Defendant's arguments on each of his claims, but instead asserts broadly that his claims are plausible and plead with sufficient particularity. (Resp. 2:18–20, ECF No. 16). The Court considers each claim in turn.

#### A. Title VII and NRS 613.330 Discrimination Claims

Plaintiff's first claim centers on discriminatory treatment based on race in violation of Title VII and NRS 613.330. (FAC ¶ 22–26). Defendant moves to dismiss both claims, arguing that Plaintiff fails to state a disparate treatment claim.

To survive the Defendant's instant motion for dismissal, Plaintiff must provide allegations that: (1) he belonged to a protected class; (2) he was qualified for his position; (3) he experienced an adverse employment action; and (4) similarly situated employees outside of his protected class were "treated more favorably, or [that] circumstances surrounding the adverse employment action give rise to an inference of discrimination." *Hawn v. Exec. Jet Mgmt., Inc.*, 615 F.3d 1151, 1156 (9th Cir. 2010) (quoting *Peterson v. Hewlett-Packard Co.*, 258 F.3d 599, 603 (9th Cir. 2004)).

Plaintiff has properly alleged that he belonged to a protected class as a "male of African-American race," in satisfaction of the first element. (FAC ¶ 11). He has also alleged that he experienced an adverse employment action when he was terminated, satisfying the third element. *See Brooks v. City of San Mateo*, 229 F.3d 917, 928 (9th Cir. 2000) (listing termination as an employment decision that constitutes an adverse employment action) (*Id.* ¶¶ 18, 19). But the Complaint falls short on the second and fourth elements. Plaintiff's

allegations are largely conclusory and fail to provide fair notice of the factual basis supporting Plaintiff's claims. For example, Plaintiff provides no explanation outside of his conclusory statement that he "competently performed his duties" to support an inference that he performed his job to his employer's expectations. (*Id.* ¶ 19). And beyond the conclusory claims that he encountered disparate treatment due to his race, he does not allege that similarly situated people outside of his class were treated more favorably. (*Id.* ¶¶ 20, 21).

Overall, the FAC does not contain enough allegations of facts to give rise to an inference of discrimination on the part of Defendant under Title VII. And because a discrimination claim under NRS 613.330 proceeds under the same analysis as a Title VII claim, the Court DISMISSES both the Title VII and NRS 613.330 discrimination claims. *See Stewart v. SBE Entertainment Group, LLC*, 239 F. Supp. 3d 1235, 1246 n.61 (D. Nev. 2017) (explaining that "courts apply the same analysis" to NRS 613.330 and Title VII claims); *Pope v. Motel 6*, 114 P.3d 277, 280 (Nev. 2005). The deficiencies on the two discrimination claims can be corrected, and thus the Court grants leave to amend them.

**B. Retaliation Claim**

Plaintiff next brings a claim for retaliation under federal law, alleging that his termination was in retaliation for protected activities. (FAC ¶¶ 32–35). Defendant argues that this claim should be dismissed because Plaintiff did not allege that he engaged in a protected activity and therefore failed to state a claim for retaliation. (MTD 6:13–7:11).

To state a prima facie case of retaliation under Title VII, a plaintiff must demonstrate that (1) he engaged in a protected activity; (2) he suffered an adverse employment action; and (3) there was a causal connection between the two. *Westendorf v. W. Coast Contractors of Nevada, Inc.*, 712 F.3d 417, 422 (9th Cir. 2013). An employee engages in a protected activity when he opposes an employment practice that either violates Title VII or that the employee reasonably believes violates that law. *Id.* To establish causation, a plaintiff must show that

"engaging in the protected activity was one of the reasons for [the adverse employment decision] and that but for such activity [he] would not have [suffered the adverse employment decision.]" *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1064–65 (9th Cir. 2002).

Though Plaintiff states in a conclusory manner that he "engaged in a protected activity and was discharged in retaliation," he provides no factual allegations to support such a conclusion. (FAC ¶ 33). Plaintiff alleges that he was terminated "for engaging in a protected activity for reporting harassment and hostility toward him due to his race," but includes no other factual allegations that he had actually reported race-based harassment toward him. (*Id.* ¶ 21). Without an allegation of his engagement in a protected activity, the Court finds that the Complaint does not contain sufficient facts to give rise to an inference of retaliation. The Court therefore DISMISSES the retaliation claim, but grants Plaintiff leave to amend this claim.

**C. Violation of the Statutory Rights of a Peace Officer Claim**

Plaintiff also asserts that Defendant violated NRS 289.020 when it terminated him. (FAC ¶ 39). Defendant moves to dismiss this claim, arguing that Plaintiff was not entitled to procedural protections under NRS 289 before termination because the statute provides procedures for when there is a complaint against and investigation of a peace officer, which is not the factual scenario that Plaintiff has alleged here. (MTD 7:18–26). Additionally, Defendant argues that the statute does not a provide a private right of action unless the aggrieved peace officer has exhausted applicable internal grievance procedures and does not provide for monetary relief. (*Id.* 7:26–28).

NRS 289.120 states that "[a]ny peace officer aggrieved by an action of the employer of the peace officer in violation of this chapter may, after exhausting any applicable internal grievance procedures, grievance procedures negotiated pursuant to chapter 288 of NRS and other administrative remedies, apply to the district court for judicial relief." The FAC does not

allege that Plaintiff exhausted his internal grievance procedures. As a result, Plaintiff has failed to state a claim under NRS 289.020, and the Court DISMISSES the claim with leave to amend.

### D. Wrongful Termination Claim

Defendant moves to dismiss Plaintiff's wrongful termination claim because it is precluded by the availability of other statutory remedies for the termination. (MTD 8:13–9:4). In Nevada, an employer may generally terminate an at-will employee for any reason without being subject to liability for wrongful discharge. *Smith v. Cladianos*, 752 P.2d 233, 234 (Nev. 1988). However, Nevada recognizes a narrow exception to this rule where an employer discharges an employee for a reason which violates a strong public policy of the state. *D'Angelo v. Gardner*, 819 P.2d 206, 216 (Nev. 1991). To prevail on a wrongful termination claim in Nevada, a plaintiff must establish that he: (1) was terminated by his employer for reasons that "violate[ ] strong and compelling public policy"; and (2) is without "an adequate, comprehensive, statutory remedy." *See Ozawa v. Vision Airlines, Inc.*, 216 P.3d 788, 791 (Nev. 2009) (quoting *Sands Regent v. Valgardson*, 777 P.2d 898, 900 (Nev. 1989) and *D'Angelo*, 819 P.2d at 217–18).

Plaintiff alleges that the City terminated his employment in violation of public policy because he was engaging in conduct which public policy favors: reporting the retaliation and harassment he was experiencing at work. (*Id.* ¶¶ 42, 43). If the evidence before the Court supported Plaintiff's retaliation claim, he would have "an adequate, comprehensive, statutory remedy" separate from his wrongful termination claim in his retaliation claim. *See Ozawa*, 216 P.3d at 791. His wrongful termination claim is therefore unavailable under Nevada state law and is DISMISSED accordingly. And because Plaintiff cannot successfully assert a wrongful termination claim, this claim is dismissed without leave to amend.

**V.     CONCLUSION**

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss, (ECF No. 13), is **GRANTED.** Plaintiff is granted leave to amend the discrimination claims, retaliation claim, and the claim under NRS 289.020.

**IT IS FURTHER ORDERED** that Plaintiff has 21 days from the date of this Order to file an amended complaint. The amended complaint should remedy the deficiencies identified in this order and may not add new claims or defendants. Failure to file an amended complaint by the required date will result in the Court dismissing Plaintiff's claims with prejudice.

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment, (ECF No. 23), is **DENIED** as MOOT.

**DATED** this __20__ day of December, 2024.

_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT