Jeffry M. Dorocak, NV Bar No. 13109
Timothy J. Geswein, NV Bar No. 10049
LAS VEGAS CITY ATTORNEY'S OFFICE
495 S. Main Street, 6th Floor
Las Vegas, Nevada 89101
T: (702) 229-6629
*Attorneys for Defendant*

United States District Court
District of Nevada

| | |
|---|---|
| Mark McCoy, | Case No. 2:24-cv-00139-GMN-NJK |
| Plaintiff, | |
| vs. | City's Motion for Attorney's Fees |
| City of Las Vegas, et al., | |
| Defendant. | |

The City of Las Vegas moves for $30,919 in attorney's fees as the prevailing party as allowed by Title VII and 28 U.S.C. § 1927.

Dated: October 8, 2025.

                      Jeffry M. Dorocak, Esq.
                      CITY ATTORNEY

                      */s/ Timothy J. Geswein*
                      Attorneys for Defendant

Points and Authorities

1.0   Introduction

This lawsuit was a discrimination, retaliation, and related matters lawsuit brought by a former City employee, Mark McCoy. The Court granted the City's renewed motion for summary judgment on September 24, 2025. ECF No. 41. The City calculated that it spent more than 80.1 attorney hours on this matter. This

calculation ignores minor time entries, e.g., review of procedural orders, stipulations for extensions of time, communications with opposing counsel, and internal reporting, as well as all time spent by paralegal staff. Thus, the calculation is conservatively low. This calculation, when married with a prevailing rate of $386 per billed hour, leads to a claimed attorney's fee award of $30,919.

2.0   Argument

Title VII of the Civil Rights Act of 1964 authorizes an award of attorney fees in certain circumstances. Additionally, under some circumstances an attorney can be liable for excessive attorney fees. 28 U.S.C. §1927. Here, an award of attorney's fees is appropriate because the City was the prevailing party and the lawsuit was "frivolous, unreasonable or without foundation" and included facially meritless causes of action. Further, the City calculated its fee request based on the lodestar method. Finally, the City offers the analysis required by local rule when seeking attorney's fees.

2.1   The City was the prevailing party.

The City is the prevailing party because the Court granted it Rule 56 relief. ECF No. 41.

2.2   The lawsuit was frivolous, unreasonable, or without foundation.

A district court may award attorneys' fees and costs in favor of a prevailing defendant only in "exceptional circumstances" involving alleged claims under Title VII of the Civil Rights Act of 1964 that are "frivolous, unreasonable or without foundation." *See Harris v. Maricopa Cnty. Superior Court*, 631 F.3d 963, 968 (9th Cir. 2011) (quoting *Barry v. Fowler*, 902 F.2d 770, 773 (9th Cir. 1990)). A defendant may only recover fees that are "attributable exclusively to plaintiff's

frivolous claims." *Harris*, 631 F.3d at 968 (quoting *Tutor–Saliba Corp. v. City of Hailey*, 452 F.3d 1055, 1064 (9th Cir. 2006)).

When determining whether a claim was frivolous, "a district court must assess the claim at the time the complaint was filed, and must avoid *post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation." *Tutor–Saliba Corp.*, 452 F.3d at 1060 (internal quotation marks omitted) (citations omitted). "An action becomes frivolous when the result appears obvious or the arguments are wholly without merit." *Galen v. Co. of Los Angeles*, 477 F.3d 652, 666 (9th Cir. 2007). "A defendant can recover if the plaintiff violates this standard at any point during the litigation, not just at its inception." *Id.*

Here, a reasonable plaintiff would have known that suit against the City was frivolous, unreasonable, or without foundation when the complaint was filed because the Nevada Equal Rights Commission intake person repeatedly warned McCoy that his claims were "weak." ECF No. 23-3 at 5-6 (15:17 – 19:21). When confronted by a motion to dismiss, McCoy opted to amend his initial pleading. *See* ECF No. 12. After the Court granted Rule 12 dismissal – some claims with prejudice – with leave to amend, McCoy opted – again – to amend his pleading. ECF No. 29. This was foolhardy because discovery was complete, and McCoy had the benefit of the City's Motion for Summary Judgment. Notwithstanding this information, he doggedly pushed forward with his frivolous lawsuit.

With these cumulative insights and an honest evaluation of the controlling law, McCoy should have realized that the result appeared obvious or the arguments were wholly without merit, i.e., the very definition "frivolous." See *Galen*, 477 F.3d at 666 (defining "frivolous").

Thus, an award of attorney's fees is warranted.

### 2.3 The lodestar methodology and calculations.

The Ninth Circuit applies the "lodestar" method for calculating attorney fees. *Fischer v. SJB–P.D. Inc.*, 214 F.3d 1115, 1119 (9th Cir. 2000). That calculation multiplies a reasonable hourly rate by the number of hours reasonably expended in the litigation. *Id.* (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). A "strong presumption" exists that the lodestar figure represents a "reasonable fee," and it should therefore only be enhanced or reduced in "rare and exceptional cases." *Pa. v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565 (1986). Ordinarily, the court decides whether to enhance or reduce the lodestar figure by evaluating a set of factors. *Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008). Prevailing market rates are those that the local legal market would pay for a case of this nature to a lawyer of comparable skill, experience, and reputation to a plaintiff's counsel of record. *Blum v. Stenson*, 465 U.S. 886, 897 (1984).

#### 2.3.1 The attorney time spent.

The City voluntarily limited its attorney's fees request to eliminate minor activities and their related charges. Further, the City is voluntarily eliminating all time spent by paralegals and other professional staff. The City has further limited its request by not pursuing de minimis charges (telephone calls, emails, and the like) as well as the expense of preparing this motion. These voluntary limitations reduce the total number of hours spent preparing this matter for summary judgment and, thus, the total fee request.

The City's attorneys spent at least 80.1 hours on discovery and preparing this matter for summary judgment. ECF No. 44-1, *Attorney Geswein Declaration and Lodestar Calculation*. This is a reasonable quantity of time given the work accomplished. *Id.*

### 2.3.2 Reasonable billed-hour rates.

Attorney's fees for government lawyers may be awarded at the prevailing market rate. See *Exp.–Imp. Bank of the U.S. v. United California Disc. Corp.*, No. CV 09-2930 CAS PLAX, 2011 WL 165312, *2 (C.D. Cal. Jan. 12, 2011) (awarding reasonable market rate to government attorneys, even though they are paid a salary and do not bill on an hourly or any other basis); *Napier v. Thirty or More Unidentified Fed. Agents*, Emps. or Officers, 855 F.2d 1080, 1092–93 (3rd Cir. 1988) (government lawyer's services may "be valued at a market rate"); *United States v. Kirksey*, 639 F. Supp. 634, 637 (S.D.N.Y. 1986) (same); see also *Welch v. Metro. Life. Ins. Co.*, 480 F.3d 942, 946 (9th Cir. 2007) ("We have repeatedly held that the determination of a reasonable hourly rate 'is not made by reference to the rates actually charged the prevailing party.'").

Clio, a well-known legal case management company, prepares hourly rate surveys for Nevada. ECF No. 44-2, *Clio Hourly Rate Survey*. Its rate for the category of "Employment Labor," which appears to be the closest match to the issues raised in this lawsuit, is $386 per billed hour. *Id*. These rates are reasonable and within the range of rates ordinarily charged in the local legal community for this type of litigation. ECF No. 44-1. Using this billed-hour rate gives a total value of the legal services of $31,919 (80.1 hours x $386 per hour).

### 2.4 The application of LR 54-14(b)(3).

Local Rule 54-14(b)(3) sets out 13 factors relevant to a motion for attorneys' fees. These factors demonstrate that the Court should award attorneys' fees.

#### 2.4.1 The results obtained and the amount involved

The Court granted the City's motion for summary judgment

on all claims. ECF No. 41. Thus, it is the prevailing party because it obtained a judgment in its favor. ECF No. 42.

### 2.4.2   The time and labor required

The City voluntarily eliminated all attorney time related to minor tasks, e.g., phone calls, status updates, routine email correspondence and the like, as well as professional staff time. Thus, the more than 80.1 hours spent by counsel during discovery and summary judgment is reasonable.

### 2.4.3   The novelty and difficulty of the questions involved

The core case issues were not particularly novel; nonetheless, considerable effort was spent on discovery and in motion practice.

### 2.4.4   The skill requisite to perform the legal service properly

The expertise of the City's attorneys in discrimination and retaliation claims as well as federal civil litigation was required to present the issues and to frame them against the backdrop of Plaintiff's employment history.

### 2.4.5   The preclusion of other employment by the attorney

The City's attorneys are employees who were not precluded from other employment because of this litigation. However, the attorneys diverted time and resources to this lawsuit that they could have been spent on other matters.

### 2.4.6   The customary fee

A billed-hour survey suggests that $386 is a reasonable rate. ECF No. 44-2. These rates are reasonable and within the range of rates ordinarily charged in the local legal community for this type of litigation. ECF No. 44-1. The

trend for attorney billed-hour rates is ever increasing, and litigators that can try a federal case are in short supply, which increases their value and corresponding hourly rates.

        2.4.7    Whether the fee is fixed or contingent

The City's legal fees were fixed because its attorneys are City employees. The City paid the attorney's wages.

        2.4.8    The time limitations imposed

The City was bound by the Federal Rules of Civil Procedure and the district's local rules in its responses and timing. Further, it was Plaintiff and his counsel that sought various continuances, e.g., discovery continuances, that extended this matter's timing.

        2.4.9    The experience, reputation, and ability of the attorneys

Attorney Geswein has been practicing law in Nevada since 2006. ECF No. 44-1. His experience included time as chief litigation counsel for a taxicab company and general counsel for a state licensing board. *Id*. He has been trial counsel on two Title VII actions and has worked on several other Title VII actions. Further, Attorney Geswein authored Chapter 16, Discovery Motion Practice, for the Sixth Ed. of the Nevada Civil Practice Manual. *Id*. Thus, the City's counsel was appropriate to effectively and efficiently resolve this matter.

        2.4.10    The undesirability of the case, if any

This factor is not applicable.

        2.4.11       The nature and length of the professional relationship

                    The City has employed Deputy City Attorney Geswein since July 2022. ECF No. 44-1.

        2.4.12       Awards in similar cases

                    In *Wilson v. Goumas*, No. CV-21-01705-PHX-DLR, 2023 WL 2648142 (D. Ariz. Mar. 27, 2023), the Court awarded some fees against an attorney in a Title VII action when the attorney ignored repeated warnings that suit was improper. In *Wilson*, the suit was brought against an improperly named party, and the attorney was told the correct entity to sue. *Id*. Notwithstanding this knowledge, the lawsuit was maintained and attorney's fees unnecessarily increased. *Id*.

        In *Fontanillas-Lopez v. Morel Bauza Cartagena & Dapena LLC*, 59 F. Supp. 3d 420 (D. Puerto Rico 2014), the Court awarded attorney's fees to an employer because the Plaintiff maintained suit despite warnings from Defendants and the Trial Court. Among the most problematic issues was that Plaintiff's "own deposition testimony regarding her claims [was] lacking, but also, 'a reasonable amount of legal research should have alerted [plaintiff's] counsel to the implausibility of success on the merits of any of her claims.'" 59 F. Supp. 3d at 425. Summary judgment was granted and "her failure to survive summary judgment bore directly on the merits, or the lack thereof, of her claims. *Id*.

        Likewise, McCoy's own deposition testimony revealed the meritless nature of his claims. Since this information was known to Plaintiff from the outset, that information, coupled with the insights of the NERC, three attempts at creating an operative pleading, and a reasonable amount of legal research, to maintain suit was frivolous, unreasonable or without foundation. Thus, an award of attorney's fees against Plaintiff's counsel under 28 U.S.C. §1927 is warranted. <u>See</u> *Wilson*, 2023

WL 2648142 (an initial good-faith mistake is insufficient to avoid the imposition of attorney's fees).

        2.4.13    Any other information the court may request

                The City submits that this factor is not applicable.

3.0    Court should grant the motion.

        The City is the prevailing party because the Court granted it summary judgment on all claims raised by Plaintiff. The claims – when measured from when Plaintiff filed his Complaint – were frivolous, unreasonable, or without foundation. Thus, the Court should grant the motion and award the City $30,919 in attorney's fees.

        Dated: October 8, 2025.

                      Jeffry M. Dorocak, Esq.
                      CITY ATTORNEY

                      */s/ Timothy J. Geswein*
                      Attorneys for Defendants

                      Exhibit List

ECF No. 44-1, *Attorney Geswein Declaration and Lodestar Calculation*

ECF No. 44-2, *Clio Hourly Rate Survey*